JOHN FAGLIARONE, APPELLANT, v. CONSOLIDATED FILM INDUSTRIES, INC., RESPONDENT.

Submitted October 31, 1947—Decided January 29, 1948.

"The complaint herein avers that the plaintiff was employed by the defendant as a cylinder pressman who, while so employed, was a member of a union which acted as bargaining agent for the benefit of its members under a contract with the defendant 'concerning the rates of pay, hours and working conditions' of defendant's employees, which agreement was effective for four years from May 1st, 1941. That 'On or about August 2d, 1941, while the said agreement was in full force and effect; and while plaintiff was a member in good standing of said union, he was discharged from the defendant's employment without just cause.' It is then alleged in paragraphs 5, 6, 7 and 8 that 'On or about January 5th, 1942, pursuant to the terms of the union agreement aforesaid,' he instituted proceedings in this court 'to compel arbitration to determine the merits' of his 'discharge, and if

found unjustified, to have damages assessed incurred by reason of such discharge, and for such other relief as the court may have deemed just in the premises.' (Italics throughout this memorandum supplied.) That on July 3d, 1942, said court ordered arbitration which resulted in an award 'finding * * *, that the plaintiff's discharge from defendant's employment was unjust,' and assessing 'damages in favor of the plaintiff and against the defendant, covering the period from August 2d, 1941, to August 12th, 1942.' That judgment was entered thereon, which was appealed, affirmed and paid by the defendant.

"It is then alleged in paragraph 9 that 'At all times during and subsequent to the arbitration proceedings aforesaid, * * * up to the date of expiration of the said union contract (May 1st, 1945), the defendant has refused to either re-employ the plaintiff or compensate him for damages or loss of wages suffered by the plaintiff in accordance with the terms of the union agreement aforesaid for that period of time from August 12th, 1942, to May 1st, 1945' (the date fixed for the termination of said agreement).

"Paragraph 10 concludes the complaint and states the present claim for damages as follows: 'As a result of the defendant's breach of the union contract, as aforesaid, by unjustly discharging the plaintiff from its employ, the plaintiff suffered damages and loss of wages from August 12th, 1942, to May 1st, 1945.' In other words the plaintiff is seeking in the present action to recover additional damages for the same discharge for a period beyond that for which he was compensated as a result of the prior arbitration award.

"To this complaint the defendant has filed an answer consisting of certain admissions and denials and two separate defenses. each of which is pleaded in bar of the complaint.

"The matter is now before the court on plaintiff's motion to strike the main part of the answer as sham and each of the separate defenses as sham or frivolous.

"For the reason which will presently appear we will refer immediately to the first separate defense which is stated as follows: 'Defendant alleges that by reason of the allegations contained in paragraphs 5, 6, 7 and 8 of the complaint [which

relate in full the steps taken in the prior arbitration proceedings] and the record of such proceedings, plaintiff has elected his remedy and has pursued the same to a conclusion, and is thereby barred of and from any further claim against this defendant.'

"This defense, in the final analysis, is an attempt to set up the satisfied judgment in the prior arbitration proceedings in bar of the present action.

"The plaintiff's motion to strike this pleading as legally insufficient is the equivalent of a general demurrer at common law, *Koewing* v. *West Orange*, 89 *N. J. L.* 539; *Malone* v. *Brotherhood*, 94 *Id.* 347; *Savage* v. *Public Service Railway Co.*, 95 *Id.* 432; *Shaedel* v. *Liberty Trust Co.*, 99 *Id.* 380, 382; *O'Brien* v. *Staiger*, 1 *N. J. Mis. R.* 607; *Rocker* v. *Cardinal Building and Loan Association*, 13 *Id.* 397; 401; *affirmed*, 119 *N. J. L.* 134, and opens the entire record, and judgment will go against the party whose pleading is first defective in substance. *Brehen* v. *O'Donnell*, 34 *Id.* 408; *Salt Lake City National Bank* v. *Hendrickson*, 40 *Id.* 52; *Horowilz* v. *American Surety Co.*, 83 *Id.* 402, 404; *Westfield* v. *Public Service Railway Co.*, 84 *Id.* 568, 572; 1 *Chit. Pl.* 668.

"So we must first direct our attention to the complaint as the initial pleading in this cause, for if it is defective in substance it must be stricken regardless of the legal sufficiency of the first separate defense in its present form.

"As already observed, it clearly appears on the face of this complaint that the plaintiff, in the prior arbitration proceeding, petitioned 'to have damages assessed incurred by reason of' his unlawful 'discharge * * *,' that he was awarded damages therein 'covering the period from August 2d, 1941, to August 12th, 1942,' and that the judgment entered thereon has been 'paid and satisfied.' It also appears that he now seeks additional damages for the same discharge for the balance of the term of the union contract, *i. e.*, from August 12th, 1942, to May 1st, 1945.

"It is settled, by the great weight of authority, that where an employee has been wrongfully discharged before the end of his term he may bring only one action for such breach of

the contract of employment, in which all of his damages must be included. In other words there is only one cause of action for the period subsequent to the dismissal, and all claims for compensation for the unexpired term of the employment contract must be recovered, if at all, in one suit in the form of damages for the employer's breach thereof. The doctrine of constructive service has been repudiated. *Smith* v. *Gilbert Lock Co.*, 4 *N. J. L. J.* 312; *Larkin* v. *Hecksher*, 51 *N. J. L.* 133, 137-138; *Meyers* v. *Potoker*, 3 *N. J. Mis. R.* 450; 128 *Atl. Rep.* 601; *Arnold* v. *Masonic Club*, 268 *Mich.* 430; 256 *N. W. Rep.* 472; *Olmstead* v. *Bach*, 78 *Md.* 132; 27 *Atl. Rep.* 501; *Carmean* v. *North American Transportation and Trading Co.*, 45 *Wash.* 446; 88 *Pac. Rep.* 834; 8 *L. R. A.* (*N. S.*) 595; *Waldron* v. *Hendrickson*, 57 *N. Y. Sup.* 561; *James* v. *Parsons, Rich & Co.*, 70 *Kan.* 156; 78 *Pac. Rep.* 438; *James* v. *County of Allen*, 44 *Ohio St.* 226; 58 *Am. R.* 821; 6 *N. E. Rep.* 246; *Gulf Refining Co.* v. *Boren* (*Texas*), 50 *S. W. Rep.* (*2d*) 883; *Anno.*, 6 *L. R. A.* (*N. S.*) 119-120; 39 *C. J.* 93-95, §§ 101-103.

"The reason that the discharged employee can bring but one action is because the contract of employment is entire and indivisible, and the discharge is a single act constituting but one breach, hence damages for such breach can be recovered in but one action. *Brand* v. *Ogden-Howard Co.* (*Del.*), 111 *Atl. Rep.* 370, 374, 375 (see cases cited). So it follows that a judgment for a part of an entire demand is a conclusive bar to another action for damages for the rest of the demand. *Viall* v. *Lionel Manufacturing Co.*, 90 *Conn.* 694: 98 *Atl. Rep.* 329, 331.

"The present complaint is obviously an attempt to recover additional damages for the same breach of contract for which the plaintiff was compensated in the prior arbitration proceedings. His discharge gave rise to a single cause of action for the damages resulting therefrom, and all of such damages should have been included in the prior judgment. If the plaintiff is dissatisfied with the amount thereof, his recourse, if any, is in the proceeding where it was rendered.

"The complaint will, therefore, be stricken as insufficient in law, which, of course, makes it unnecessary to deal with the answer.

"A form of order may be presented in accordance with the foregoing conclusion."

For the appellant, *Pesin & Pesin* (*Hiram Alfenbein,* of counsel).

For the respondent, *Wall, Haight, Carey & Hartpence* (*Gerald F. O'Mara,* of counsel).

PER CURIAM.

The judgment under review herein is affirmed, for the reasons expressed in the opinion filed by Judge Ackerson.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.